**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
In re:                                              :       Chapter 7
                                                    :
Paul E. Dwyer,                                      :       Case No.: 06-50358 (AHWS)
    Debtor.                                         :
------------------------------------------------------------x
Continental Family Funding, LLC                     :
    Plaintiff,                                      :
                                                    :
v.                                                  :       Adv. Proc. No.: 06-5087
                                                    :
Paul E. Dwyer,                                      :
    Defendant.                                      :
------------------------------------------------------------x

APPEARANCES:

Thomas J. Sansone, Esq.                    Attorney for Plaintiff Continental Family
Carmody and Torrance, LLP                  Funding, LLC
195 Church Street
P.O. Box 1950
New Haven, CT 06509

Max L. Rosenberg, Esq.                     Attorney for Defendant Paul E. Dwyer
Thornberry & Rosenberg, LLC
3333 Main Street, Suite 100
Stratford, CT 06614

**Memorandum of Decision on Defendant's Motion for Summary Judgment**

Alan H. W. Shiff, United States Bankruptcy Judge:

      The defendant-debtor, Paul E. Dwyer, commenced this chapter 7 case on August 24, 2006. On December 4, 2006, the plaintiff, Continental Family Funding, LLC

("CFF"), filed this adversary proceeding, seeking a determination that a debt owed to it is not dischargeable because it was obtained by fraud.  *See* 11 U.S.C. § 523(a)(2)(A).  The defendant has taken the position that the debt was not obtained by fraud and has filed the instant motion for summary judgment.

## BACKGROUND

The defendant is a principal of Monetary Funding Group, LLC ("MFG" ), a loan company.  To finance loans, MFG occasionally utilized funds from third parties such as the plaintiff.  Between 2003 and 2004, the plaintiff loaned MFG an aggregate of approximately $455,000.  *See* Pl.'s Memorandum of Law in Opppsition, Aff. of Rosario DeBrizzi, dated Aug. 14, 2008, at ¶ 7.  In addition, between 2003 and 2005, the plaintiff loaned MFG approximately $445,000 for operating expenses.  *Id.* Aff. at ¶ 8.  Those loans, which were not reduced to writing, are in the aggregate the subject debt in this proceeding.

## DISCUSSION

A summary judgment will enter "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Globecon Group L.L.C. v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006) (quoting Rule 56(c), Fed. R. Civ. P.).  The party moving for summary judgment bears the burden of proving that no genuine issue of material fact exists and that the undisputed facts establish that party's right to judgment as a matter of law.  *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995).  That burden may be satisfied "by showing that little or no evidence may be found in support of the nonmoving party's case."  *In re Roberti, ("Roberti I")*, 183 B.R. 991, 999 (Bankr. D.Conn. 1995) (citation omitted).

While the court "must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant[,]" *Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)), "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Gallien v. Connecticut Gen. Life Ins. Co.*, 49 F.3d 878, 881-82 (2d Cir. 1995) (citing *Anderson*, 477 U.S. at 247-48).

Section 523(a)(2)(A) provides in relevant part that "[a] discharge . . . does not discharge an *individual debtor* from any debt . . . for money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . ." (emphasis added.) A debt is non-dischargeable due to fraudulent misrepresentation if a creditor can establish: (1) the debtor made the representation; (2) at the time he knew it was false; (3) he made it with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representation; and (5) the creditor sustained the alleged loss as the proximate cause of the representation. *In re Innovative Medical Care, Inc.*, 372 B.R. 566, 570 (Bankr. D.Conn. 2007).

Those predicate facts are generally alleged when a complaint seeks a denial of discharge under §523(a)(2)(A). They are not the facts here. The action in this adversary proceeding does not allege that the defendant, *as an individual*, is indebted to the plaintiff. In oral argument, the plaintiff admitted that there is no allegation in its complaint that the defendant acted in an individual capacity and thereby became personally indebted to the creditor. That admission is not surprising given that the complaint alleges only that the defendant acted as an agent of MFG, a legally distinct, non-debtor entity. *See* Pl.'s Compl. at ¶ 7 ("*At all times relevant hereto*, [*the defendant*] was an officer of MFG and *undertook the actions described herein under color of his authority as an officer of MFG.*") (emphasis added); ¶ 10 ("On each of those occasions [the defendant], *acting in his official capacity for MFG*, represented to [the plaintiff] that [the plaintiff] would be repaid such funds through MFG's receipt of debt service

payments . . .") (emphasis added); ¶ 11 ("Despite such representations, MFG retained all such debt service payments from the borrowers of the loans in question, and failed to reimburse [the plaintiff]."); ¶ 14 ("[the defendant's] representations to [the plaintiff] that MFG would repay the funds owed to [the plaintiff] were untrue and known to be untrue at the time he made them to [the plaintiff]."); ¶ 16 ("[the plaintiff] has sustained damages as a consequence of its reliance upon [the defendant's] knowingly false representations *that MFG would repay the funds in question to* [the plaintiff].") (emphasis added).[1]

The plaintiff attempts to obvert this fatal flaw in its complaint by stating the obvious: MFG, is an inanimate entity and therefore had to act through an agent, i.e., the debtor. However, the issue is not whether MFG incurred a debt by the acts of its agent, but rather whether the defendant is personally indebted to the plaintiff. Neither the complaint nor anything in the record may be interpreted to establish that pivotal fact. *Cf. Nancy DeBrizzi v. Paul E. Dwyer,* Adv. Proc. 06-5086, slip op. (Bankr. D. Conn. Nov. 24, 2008) (finding record could arguably support a claim that the defendant acted as an individual as well as an agent of MFG).

Had the plaintiff alleged that the defendant was the alter ego of MFG, perhaps its complaint might have survived this motion for summary judgment. But here neither the pleadings nor anything else in the record asserted that crucial link.

---

[1] The First Count of the plaintiff's complaint relates to the loan of approximately $455,000, and the Second Count relates to the loan of approximately $445,000. The First and Second Counts are essentially identical.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED, and IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 24th day of November, 2008.

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge